UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
ADAM PLOTCH LLC,

              Plaintiff,

   -against-

WORLD SAVINGS BANK, FSB, WELLS
FARGO BANK, N.A.,

             Defendants.
---------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 15-cv-06142 (FB) (RER)

*Appearances*:
*For Plaintiff*:
THOMAS J. FINN
Law Offices of Thomas J. Finn, Esq.
67-12 Yellowstone Blvd., Suite E12
Forest Hills, NY 11375

*For Defendants*:
JACQUELINE DELLA CHIESA
LISA M. CONFUSIONE
Stagg, Terenzi, Confusione & Wabnik LLP
401 Franklin Avenue, Suite 300
Garden City, NY 11530

CHRISTOPHER P. KOHN
Frenkel Lambert Weiss Weisman & Gordon, LLP
One Whitehall Street, 20th Floor
New York, NY 10004

**BLOCK, Senior District Judge:**

      Adam Plotch LLC ("APL") sued Wells Fargo Bank, N.A. ("Wells Fargo") and World Savings Bank, FSB ("WSB") (collectively, "Wells Fargo") under New York State property law seeking a declaration of its interest in a condominium unit and to cancel a mortgage held by WSB and its successor in interest, Wells Fargo. Wells Fargo moves to dismiss the Amended Complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), arguing that its mortgage has priority over APL's interest in the unit and is not

subject to cancellation. Wells Fargo also argues that APL lacks standing to challenge the mortgage and that its claims do not satisfy the amount-in-controversy requirement to invoke federal diversity jurisdiction. Although Wells Fargo's arguments regarding the amount in controversy and standing are without merit, the Court agrees with its remaining contentions. The motion to dismiss is granted.

## I.

On a motion to dismiss under Rule 12(b)(6) and 12(b)(1), the Court accepts factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *See Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012). However, the requirement to accept factual allegations as true is "inapplicable to legal conclusions," *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014, and to matters that are "contradicted by more specific allegations or documentary evidence," *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011). The Court limits its consideration "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Disc. Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In its Amended Complaint, APL alleged as follows. APL is a New York limited liability company with its principal place of business in New York. Defendant Wells Fargo has its principal place of business in San Francisco, CA. It acquired WSB in 2006. *See* Am. Compl. at ¶¶ 4-5.

APL owns condominium unit 32-2 at Mirador Estates Condominium I in Staten Island, NY ("the Property"). *See id.* at ¶¶ 8, 27-30.[1] The Property includes an undivided interest in the common areas of the condominium buildings and land. *See* Am. Compl. Ex. A (Legal Description of Property). Each condominium owner at Mirador Estates covenants to pay monthly "common charges" to a Board of Managers of Mirador ("the Board"). *Id.* ¶¶ 12-19. The Board may file a lien and foreclose against a unit if the owner fails to pay the common charges. *Id.*

From 1992 to 2009, non-party Kauser Khan ("Khan") owned the Property. *Id.* ¶ 9. By 2003, he had fallen behind in common charge payments, and, on June 2, 2003, the Board recorded a lien (the "2003 Common Charge Lien") on the Property. *Id.* ¶ 19.

In July 2003, Khan granted a mortgage to WSB for $135,000. *Id.* ¶ 21. That mortgage was satisfied in April 2006. *Id.* ¶ 31. In March 2006, Khan granted WSB a second mortgage for $195,000 ("2006 Mortgage"). *Id.* ¶¶ 22-23; *id.* Ex. D. The first paragraph of the property description attached to the 2006 Mortgage read as follows:

> THE REAL PROPERTY ABOVE DESCRIBED IS A UNIT(S)

---

[1] The street address of the Property is 7 Lamped Loop, Unit 32-2, Staten Island, NY.

SHOWN ON THE PLAN OF A CONDOMINIUM PREPARED AND CERTIFIED BY EDWARD LURIA, A.I.A./ AND FILED IN THE OFFICE OF REGISTER OF THE BOROUGH OF STATEN ISLAND, RICHMOND COUNTY IN THE 23RD DAY OF JULY, 1984, AS FILE NO. C-54 AS DEFINED IN THE DECLARATION OF CONDOMINIUM ENTITLED MIRADOR ESTATES CONDOMINIUM I MADE BY AMOUR ESTATES, INC. UNDER ARTICLE 9-B OF THE NEW YORK REAL PROPERTY LAW DATED MAY 31, 1984, AND RECORDED IN THE OFFICE OF THE REGISTER OF RICHMOND COUNTY, ON THE 23RD DAY OF JULY, 1984, IN REEL 29 AT PAGE 9586 COVERING THE PROPERTY THEREIN DESCRIBED.

Am. Compl. Ex. D at 19 (Ex. A to 2006 Mortgage). The remainder of the description specified the Property in metes and bounds using terms nearly identical to those contained in the Legal Description attached to APL's Amended Complaint.[2] *Compare* Am. Compl. Ex. A *with* Am. Compl. Ex. D at 19-20. The property description in the 2006 Mortgage concluded with the following: "BEING THE SAME PROPERTY CONVEYED TO KAUSAR KHAN BY DEED FROM GUL ZAMIN AND KAUSAR KHAN RECORDED 11/03/2003 IN DEED BOOK 16325 PAGE 266, RECORDED IN THE RICHMOND COUNTY, NEW YORK." Am. Compl. Ex. D at 20. The 2006 Mortgage was recorded in April 2006. *See* Am. Compl. Ex. D (Recording and Endorsement Cover Page).

In 2007, the Board initiated foreclosure proceedings against Khan, resulting in a state court Judgment of Foreclosure entered on July 1, 2009. *See* Am. Compl. ¶ 28.

---

[2] Two discrepancies make the language nearly, rather than entirely, identical: (1) the substitution in the 2006 Mortgage of 375.76 for 375.75 and of 275.62 for 278.62.

WSB was not a party to the foreclosure proceedings, nor was Wells Fargo. *See* Am. Compl. at ¶¶ 32-34, Ex. E. APL purchased the Property at public auction in September 2009 for $16,000. *See* Am. Compl. ¶ 30, Ex. F.

APL claims that the 2006 Mortgage is fraudulent, void, and unrecordable under N.Y. Real Property Law ("RPL") § 329 because its legal description of the Property contradicted public records by omitting the condominium common elements. Am. Compl. ¶¶ 24-26, 47-53. APL further claims that, because WSB was not named as a defendant in the state foreclosure action, the 2006 Mortgage is subject to reforeclosure under N.Y. Real Property Actions and Proceedings Law ("RPAPL") §§ 1503, 1505, 1521, 1523, 1531, and 1541. Am. Compl. ¶¶ 32-36, 54-59. APL seeks: (1) a declaration that the 2006 Mortgage is subject to cancellation and removal from public record; (2) an order canceling and removing the 2006 Mortgage from the public record; (3) a declaration that the Defendants have a valid interest in the property resulting from the 2006 Mortgage; (4) an order fixing a time for Defendants to redeem their interest in the Property, fixing a value for such redemption not less than $300,000, and barring future claims against the Property; and (5) a declaration that APL is the sole and lawful owner of the Property.

Wells Fargo moves to dismiss the Amended Complaint under Rules 12(b)(1) and 12(b)(6), arguing that (1) the 2006 Mortgage is not subject to reforeclosure, (2) the property description in the 2006 Mortgage was sufficient, (3) APL lacks standing to

5

challenge the 2006 Mortgage because it was not a party to it or a third-party beneficiary, and (4) the case does not meet the amount-in-controversy requirement for federal diversity jurisdiction. The Court agrees with Wells Fargo's first two contentions.

## II.

The Court first considers Wells Fargo's jurisdictional arguments. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (requiring that jurisdiction be established as a threshold matter). Both are without merit.

**A. Standing**

Wells Fargo's standing argument does not warrant extensive analysis. APL asserts no contractual rights under the 2006 Mortgage. On the contrary, it asserts a statutory right under N.Y. RPL § 329 as "[a]n owner of real property . . . to have any recorded instrument in writing relating to such real property . . . declared void or invalid, or to have the same canceled of record as to said real property[.]" It is therefore irrelevant that APL is not a party or third-party beneficiary to the 2006 Mortgage. *Cf. Wellington v. Fin. Freedom Acquisition LLC ex rel. Structured Asset Sec. Corp. Reverse Mortg. Loan Tr. 1999-RMI*, 18 N.Y.S.3d 33 (N.Y. App. Div. 2015) ("Defendant's reliance on the principle of contract law that a person who was not a party to the contract or a third-party beneficiary thereof cannot assert a claim for breach of that contract . . . is misplaced since plaintiffs' claim seeking to determine adverse claims to real property is expressly authorized by statute (RPAPL 1501).").

**B. Amount in Controversy**

Where, as here, federal subject matter jurisdiction is based on diversity of citizenship, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). "[A] plaintiff invoking federal jurisdiction must demonstrate a 'reasonable probability' that the amount-in-controversy requirement is satisfied." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 223 (2d Cir. 2017) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). The Court recognizes a "rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Id.* (internal quotation marks omitted). To rebut that presumption and justify dismissal, the defendant must show "to a legal certainty" that the actual amount in controversy is less than the claimed amount. *See Pyskaty*, 856 F.3d at 223; *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938).

Here, APL seeks injunctive relief canceling the 2006 Mortgage, related declaratory relief, an order setting the redemption value of the Property at no less than $300,000, and an order giving it quiet title to the Property. The objects of these requests for declaratory and injunctive relief are the 2006 Mortgage and the Property itself. According to the allegations in the Amended Complaint and documentary evidence

7

attached to it, the 2006 Mortgage was for $195,000. Well Fargo does not dispute that amount, much less show "to a legal certainty" that it is incorrect. *See Pyskaty*, 856 F.3d at 223. This alone is therefore sufficient to satisfy the amount in controversy, and the Court can properly exercise supplemental jurisdiction over APL's remaining claims under 28 U.S.C. § 1367. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559-61 (2005) (rejecting argument that every claim must satisfy the amount-in-controversy requirement).

Wells Fargo's contention that the amount in controversy requirement is not satisfied is therefore without merit.

**C. Reforeclosure of the 2006 Mortgage**

Under RPAPL § 1503, when a foreclosure judgment is void or voidable as to any person, the property purchaser may maintain a reforeclosure action "to determine the right of any person to set aside such judgment, sale or conveyance or to enforce an equity of redemption or to recover possession of the property, or the right of any junior mortgagee to foreclose a mortgage." RPAPL § 1503; *Bass v. D. Ragno Realty Corp.*, 976 N.Y.S.2d 118, 120 (N.Y. App. Div. 2d Dep't 2013). Thus, RPAPL § 1503 allows a property purchaser to reforeclose against anyone "who may set aside the judgment, sale or conveyance of the foreclosed property, has a junior mortgage, or has an equity of redemption." *Bass*, 976 N.Y.S.2d at 120. Final judgment in an action under § 1503 may include a declaration of any party's rights in the property and an injunction directing the

8

cancellation of an invalid mortgage and possession of the property. RPAPL § 1521(1).

Here, the Judgment of Foreclosure was void as to WSB because WSB was not named a party in the foreclosure action. *See* Am. Compl. ¶ 34; *Bd. of Managers of Parkchester N. Condo. v. Alaska Seaboard Partners Ltd. P'ship*, 831 N.Y.S.2d 370, 371 (N.Y. App. Div. 1st Dep't 2007). However, APL is not entitled to relief under RAPL § 1503 because WSB's 2006 Mortgage has priority over the common charge lien that gave rise to the Judgment of Foreclosure.

Although a common charge lien generally takes priority over other liens, RPL § 339-z provides that a common charge lien does not take priority over "all sums unpaid on a first mortgage of record." The 2006 Mortgage became the "first mortgage of record" when the 2003 Mortgage was satisfied. *See Plotch v. Citibank*, N.A., 27 N.Y.3d 477, 483, *reargument denied*, 28 N.Y.3d 945 (2016) (stating that a condominium owner may satisfy a first mortgage and obtain another prioritized "first mortgage" within the meaning of § 339-z). Moreover, the Judgment of Foreclosure stated that the Property would be sold "subject to . . . the first mortgage on the premises," Am. Compl. Ex. E at 6, and the Referee's Deed confirmed that the foreclosure sale was subject to the 2006 Mortgage, *id.* Ex. F.

APL argues that RPL § 339-z does not apply because the 2003 Common Charge Lien was filed before the 2006 Mortgage. Its argument is premised on its allegation that the Judgment of Foreclosure related to the 2003 Common Charge Lien. APL is correct

9

that a common charge lien takes priority over a first mortgage of record when the common charge lien was recorded first in time. *See Foxwood Run Condo. v. Goller Place Corp.*, 642 N.Y.S.2d 758 (Sup. Ct. Richmond Cty. 1995). However, the Court is not required to accept as true APL's allegation regarding the subject of the Judgment of Foreclosure because that allegation is "contradicted by . . . documentary evidence" attached to the Amended Complaint: The Referee's Deed states that the Judgment of Foreclosure related not to the 2003 Common Charge Lien but to a common charge lien recorded on December 12, 2006 under Land Doc number 167120 (the "2006 Common Charge Lien"). *See* Am. Compl. Ex. F. Similarly, the complaint that resulted in the Judgment of Foreclosure names the same 2006 Common Charge Lien. *See* Mot. to Dismiss, Chiesa Decl. Ex. B.[3]

APL further argues that, regardless of this documentary evidence, filing the 2003 Common Charge Lien established priority over the 2006 Mortgage because a condominium lien creates a "continuing obligation to pay common charges, and incorporates all post-recording common charges owed to the condominium as they come due." Pl.'s Reply at 8. By APL's reasoning, the 2006 common charge lien did not

---

[3] The Court relies on the complaint in the foreclosure action not for its truth but to ascertain the subject of the foreclosure action. Moreover, APL repeatedly refers to the foreclosure action in the Amended Complaint. The document is therefore properly before the Court on a motion to dismiss. *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.").

secure a distinct monetary obligation—it simply "updated" the amount owed on unpaid common charges. *Id.* at 8-9. However, the only case APL cites in support of that position involved the amount due under a particular common charge lien, not the order of priority between a common charge lien and a first mortgage. *See* Reply at 8 (citing *Bd. of Managers of Netherlands Condo. v. Trencher*, 9 N.Y.S.3d 213, 214 (N.Y. App. Div. 1st Dep't 2015). Moreover, under RPL § 339-aa, a common charge lien expires after six years or full satisfaction, whichever comes first. When the state court entered its Judgment of Foreclosure on July 1, 2009, it had been more than six years since the Board recorded the 2003 Common Charge Lien. And, unlike a statute of limitations, the filing of a foreclosure action does not toll the expiration of a common charge lien. *See Chem. Bank v. Levine*, 91 N.Y.2d 738, 741 (1998) ("The statute does not refer to the time for commencing an action on the lien, but rather to the duration of the lien itself.").[4] The Judgment of Foreclosure could not have related to the 2003 Common Charge lien because it was no longer in effect.

In sum, the Amended Complaint and the documents attached to it show that the April 2006 Mortgage had priority over the December 2006 Common Charge Lien

---

[4] The New York Court of Appeals in *Chemical Bank* was ultimately concerned with whether a foreclosure action *by a third party* tolled the expiration of a common charge lien. *See* 91 N.Y.2d at 742. Its conclusion that a common charge lien would not be extended by the initiation of a foreclosure action *by the lien holder* is therefore arguably dicta. However, given such a clear statement by the New York Court of Appeals, this Court is persuaded that it would apply that rule to the facts of this case. *See State of N.Y. v. Blank*, 27 F.3d 783, 788 (2d Cir. 1994) (stating that a federal court sitting in diversity jurisdiction must predict how the highest court of the state would resolve an unsettled question of law).

11

underlying the foreclosure sale. APL therefore bought the Property subject to the 2006 Mortgage and has no right to reforeclose against WSB under RPAPL § 1503. *See Plotch v. US Bank Nat. Ass'n*, 971 N.Y.S.2d 74 (N.Y. Sup. Ct. 2013), *aff'd sub nom. Plotch v. U.S. Bank Nat. Ass'n*, 13 N.Y.S.3d 102 (N.Y. App. Div. 2015). APL's reforeclosure claim is therefore dismissed.

**C. Validity of the 2006 Mortgage**

RPL § 329 allows an owner of real property to maintain an action to have a recorded instrument, such as a mortgage, "declared void or invalid, or to have the same canceled of record . . . ." "[A] trial court is permitted to determine property ownership issues as a matter of law based upon documentary evidence and its construction of deed language." *Cornick v. Forever Wild Dev.*, 659 N.Y.S.2d 914, 915 (N.Y. App. Div. 3d Dep't 1997). APL fails to state a claim for a declaration or cancellation because the 2006 Mortgage is valid.

A mortgage is a conveyance of an interest in property. *See W. L. Dev. Corp. v. Trifort Realty, Inc.*, 44 N.Y.2d 489, 498 (N.Y. 1978). It therefore must be in writing and contain a description of the premises conveyed. *See* N.Y. Gen. Oblig. Law § 5-703(1); *Hulburt v. Walker*, 258 N.Y. 8, 20-21 (1931). The written instrument "must be construed according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law." RPL § 240(3).

The description contained in the 2006 Mortgage was sufficient. It included a

description of the Property in metes and bounds that was virtually identical to the one contained in previous descriptions of record. Although the description did not specifically refer to the condominium unit or its common elements, Khan's intent to convey an interest in Unit 32-2 and its common elements is apparent from the description's reference to "a unit" and its use of the words "being the same property conveyed to Kausar Khan by deed from Gul Zamin and Kausar Khan recorded 11/03/2003 in deed book 16325 page 266, recorded in Richmond County, New York." Am. Compl. Ex. D at 20. The referenced deed includes the common elements and the unit number—each of the elements APL alleges was omitted from the property description attached to the 2006 Mortgage.[5] *See* Def.'s Chiesa Decl. Ex. G.

The description was thus sufficient to put APL on notice that the property was encumbered by a mortgage, and APL is presumed to have performed the necessary inquiry to discover that the unit referred to in the mortgage was Unit 32-2 with its common elements. *See Fairmont Funding, Ltd. v. Stefansky*, 754 N.Y.S.2d 54, 56 (N.Y. App. Div. 2d Dep't 2003) ("If the purchaser fails to use due diligence in examining the title, he or she is chargeable, as a matter of law, with notice of the facts which a proper inquiry would have disclosed").

In opposition, APL cites cases involving no property descriptions, *see DLJ Mortg.*

---

[5] The deed is a publicly recorded document of which this Court may take judicial notice on a motion to dismiss. *Awan v. Ashcroft*, 2010 WL 3924849, at *2 (E.D.N.Y. Sept. 28, 2010). Moreover, its authenticity is not in dispute.

*Capital, Inc. v. Cross Is. Plaza, Inc.*, 2015 Bankr. LEXIS 2543, at *27 (Bankr. E.D.N.Y. July 30, 2015), or ones so vague that the property could not be identified, *see Town of Brookhaven v. Dinos*, 431 N.Y.S.2d 567, 573 (N.Y. App. Div. 2d Dep't 1980). Those circumstances are not present here. *In re Lawrence Ave. in New York*, 163 N.Y.S. 598, 600 (Sup. Ct. Kings Cty. 1917), is somewhat more relevant. The court there held that the addition of "being the same premises as" language did not enlarge an otherwise unambiguous property description. *In re Lawrence Ave.*, 163 N.Y.S. at 600. However, as APL neglects to mention, that case was reversed on appeal, at least insofar as it involved a purchase-money mortgage and the "same premises" language referred to the deed of sale. *See In re Lawrence Ave. in City of New York*, 169 N.Y.S. 1018, 1019 (N.Y. App. Div. 2d Dep't 1918). Moreover, the Second Department later extended that reasoning beyond the context of a purchase-money mortgage. *See Shean v. Loening*, 101 N.Y.S.2d 261, 262–63 (N.Y. App. Div. 2d Dep't 1950) (holding that, although a mortgage did not explicitly include an easement providing beach access, the easement was included in a mortgage foreclosure sale because the mortgage referred to the deed, which did mention the easement).

Because the Amended Complaint, exhibits, and public records show that the property description in the 2006 Mortgage was valid, APL fails to state a claim to cancel or declare the 2006 Mortgage void under RPL § 329.

## III.

For the foregoing reasons, the motion to dismiss is GRANTED.

**SO ORDERED**

                                                                     <u>/S/Frederic Block</u>
                                                                      FREDERIC BLOCK
                                                  Senior United States District Judge

Brooklyn, New York
January 8, 2017